# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN ELIZONDO, | 1:09-cv-0989 SKO |
| Plaintiff, | **ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |
| v. | (Doc. 1) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

## **BACKGROUND**

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security (the "Commissioner" or "Defendant") denying his application for disability insurance benefits ("DIB") pursuant to Title II of the Social Security Act. 42 U.S.C. § 405(g). The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Sheila K. Oberto, United States Magistrate Judge.[1]

---

[1] The parties consented to the jurisdiction of the United States Magistrate Judge. (Docs. 7, 8.) On April 7, 2010, the action was reassigned to the Honorable Sheila K. Oberto for all purposes. *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; *see also* L.R. 301, 305.

**FACTUAL BACKGROUND**

Plaintiff was born in 1944, has an eighth-grade education, and previously worked as a forklift operator and packing supervisor. (Administrative Record ("AR") 28, 37, 104.) On March 31, 2006, Plaintiff filed an application for DIB, alleging disability beginning March 1, 2006, due to lower back and hip pain. (AR 23, 104, 121.)

On July 28, 2006, Dr. Benjamin Chang performed a consultative examination of Plaintiff. (AR 210-14.) Dr. Chang found that Plaintiff could (1) carry up to 20 pounds occasionally and up to 10 pounds frequently, (2) sit without any limitation, and (3) stand or walk for six hours in an eight-hour day. (AR 214.)

The Commissioner denied Plaintiff's application initially and again on reconsideration; consequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR 54-68, 71-76.) On October 30, 2007, ALJ Michael Haubner held a hearing where Plaintiff testified that he reads, writes, and speaks English (AR 37.) According to Plaintiff, he could stand for up to 20 minutes, sit for up to 20 minutes, and walk for up to 25 minutes. (AR 38-39.) Plaintiff could lift and carry up to ten pounds. (AR 39.)

Plaintiff also testified that he lives alone in a mobile home and drives three times a day. (AR 41.) Plaintiff is able to care for his own personal needs and prepare quick meals. (AR 41-42.) He is able to water his plants, wash dishes once a day, take out the trash two times a week, and wash laundry once a week. (AR 42-43.) He vacuums his home and changes his bed sheets every two weeks. (AR 43.) Plaintiff also shops for groceries every other day, and goes out to eat about once a week. (AR 44.) Plaintiff also takes care of two dogs and walks them once a week for 15 minutes. (AR 45-46.) Plaintiff watches television every day for five hours. (AR 46.) Plaintiff also testified that he was fully compliant with his medications and treatment. (AR 48.)

A vocational expert testified that Plaintiff's past work as a forklift driver was medium[2] and semi-skilled, and his past work as a packing supervisor was light[3] and skilled. (AR 39-40.) A hypothetical person with the same age, education, language, and work experience as Plaintiff could perform Plaintiff's past relevant work as a packing supervisor if that person could (1) at most lift 20 pounds occasionally and 10 pounds frequently, (2) stand and walk for six out of eight hours with normal breaks, (3) sit without restriction, and (4) occasionally kneel, squat, and climb stairs. (AR 48-49.)

A second hypothetical person could also perform Plaintiff's past relevant work as a packing supervisor if that person could (1) at most lift 20 pounds occasionally and 10 pounds frequently, (2) stand and walk for six out of eight hours with normal breaks, and (3) sit for six hours, with no manipulative, visual, or environmental limitations. (AR 48-49.) A person with the limitations described by Plaintiff, however, could not perform any work. (AR 50.)

On December 28, 2007, the ALJ issued a decision finding Plaintiff not disabled since March 1, 2006. (AR 17-28.) Specifically, the ALJ found that Plaintiff (1) had not engaged in substantial gainful activity since the alleged onset date of March 1, 2006; (2) has an impairment or a combination of impairments that is considered "severe" based on the requirements in the Code of Federal Regulations; (3) does not have an impairment or combination of impairments that meets or equals one of the impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1; and (4) could perform his past relevant work as a packing supervisor. (AR 25-28.) Plaintiff sought review of this decision before the Appeals Council. On April 7, 2009, the Appeals Council denied review. (AR 8-12.) Therefore, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. § 404.981.

---

[2] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, [the Commissioner determines] that he or she can also do sedentary and light work." 20 C.F.R. § 404.1567(c).

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b).

On June 5, 2009, Plaintiff filed a complaint before this Court seeking review of the ALJ's decision. Plaintiff contends that the ALJ failed to provide legally sufficient reasons to reject Plaintiff's testimony and erred in determining that Plaintiff has the residual functional capacity ("RFC") to perform his past relevant work as a packing supervisor.

## SCOPE OF REVIEW

The ALJ's decision denying benefits "will be disturbed only if that decision is not supported by substantial evidence or it is based upon legal error." *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999). In reviewing the Commissioner's decision, the Court may not substitute its judgment for that of the Commissioner. *Macri v. Chater*, 93 F.3d 540, 543 (9th Cir. 1996). Instead, the Court must determine whether the Commissioner applied the proper legal standards and whether substantial evidence exists in the record to support the Commissioner's findings. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).

"Substantial evidence is more than a mere scintilla but less than a preponderance." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (*quoting Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 229 (1938)). The Court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (citation and internal quotation marks omitted).

## APPLICABLE LAW

An individual is considered disabled for purposes of disability benefits if he is unable to engage in any substantial, gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted, or can be expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see also Barnhart v. Thomas*, 540 U.S. 20, 23 (2003). The impairment or

impairments must result from anatomical, physiological, or psychological abnormalities that are demonstrable by medically accepted clinical and laboratory diagnostic techniques and must be of such severity that the claimant is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial, gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)-(3), 1382c(a)(3)(B), (D).

The regulations provide that the ALJ must undertake a specific five-step sequential analysis in the process of evaluating a disability. In the First Step, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b). If not, in the Second Step, the ALJ must determine whether the claimant has a severe impairment or a combination of impairments significantly limiting her from performing basic work activities. *Id.* §§ 404.1520(c), 416.920(c). If so, in the Third Step, the ALJ must determine whether the claimant has a severe impairment or combination of impairments that meets or equals the requirements of the Listing of Impairments ("Listing"), 20 C.F.R. 404, Subpart P, App. 1. *Id.* §§ 404.1520(d), 416.920(d). If not, in the Fourth Step, the ALJ must determine whether the claimant has sufficient residual functional capacity despite the impairment or various limitations to perform her past work. *Id.* §§ 404.1520(f), 416.920(f). If not, in Step Five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in significant numbers in the national economy. *Id.* §§ 404.1520(g), 416.920(g). If a claimant is found to be disabled or not disabled at any step in the sequence, there is no need to consider subsequent steps. *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. §§ 404.1520, 416.920.

## DISCUSSION

**A.    Plaintiff's Credibility**

Plaintiff contends that the ALJ failed to set forth legally sufficient reasons for rejecting his subjective complaints. According to the Commissioner, however, the ALJ gave valid reasons for finding Plaintiff not entirely credible.

5

The ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that [Plaintiff's] statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely credible." (AR 27.) The ALJ also found that Plaintiff's daily living activities belied his claim of total disability. (AR 27.) The ALJ further found that Plaintiff "seemed to exaggerate somewhat" and that the medical evidence contradicted his testimony that he was fully compliant with his treatment and medications. (AR 27.)

### 1. Legal Standard

In evaluating the credibility of a claimant's testimony regarding subjective pain, an ALJ must engage in a two-step analysis. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment that could reasonably be expected to produce the pain or other symptoms alleged. *Id.* The claimant is not required to show that her impairment "could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Id.* (*quoting Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)). If the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if she gives "specific, clear and convincing reasons" for the rejection. *Id.* As the Ninth Circuit has explained:

> The ALJ may consider many factors in weighing a claimant's credibility, including (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities. If the ALJ's finding is supported by substantial evidence, the court may not engage in second-guessing.

*Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (citations and internal quotation marks omitted); *see also Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1226-27 (9th Cir. 2009); 20 C.F.R. §§ 404.1529, 416.929. Other factors the ALJ may consider include a claimant's work record and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains. *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).

**2.     Analysis**

In this case, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to produce the alleged symptoms. Therefore, absent affirmative evidence of malingering, the ALJ's reasons for rejecting Plaintiff's testimony must be clear and convincing. As discussed further below, the Court finds that the ALJ gave clear and convincing reasons supported by the record to discount Plaintiff's credibility.

Substantial evidence supports the ALJ's credibility determination. First, the ALJ found that the objective medical evidence in the record did not fully support Plaintiff's subjective complaints. Although the inconsistency of objective findings with subjective claims may not be the sole reason for rejecting subjective complaints of pain, *Light*, 119 F.3d at 792, it is one factor which may be considered with others. *Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004); *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999). Here, for example, Plaintiff's alleged ability to only lift up to 10 pounds, to stand for 20 minutes, sit for 20 minutes, and walk for 25 minutes is inconsistent with Dr. Chang's findings that Plaintiff could (1) carry up to 20 pounds occasionally and up to 10 pounds frequently, (2) sit without any limitation, and (3) stand or walk for six hours in an eight-hour day. (AR 214.)

Second, in discounting Plaintiff's credibility, the ALJ found multiple inconsistencies in the record. Inconsistent statements are matters appropriately considered in evaluating a claimant's subjective complaints. In rejecting testimony regarding subjective symptoms, permissible grounds include a reputation for dishonesty, conflicts or inconsistencies between the claimant's testimony and his conduct or work record, internal contradictions in the testimony, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which the claimant complains. *Moisa*, 367 F.3d at 885; *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002). The ALJ may consider whether the Plaintiff's testimony is believable or not. *Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999).

In this case, the ALJ cogently found that Plaintiff's statement regarding his ability to sit for only 20 minutes was inconsistent with the ALJ's observation that Plaintiff sat through the entire hearing that lasted over 30 minutes. *See, e.g., Thomas*, 278 F.3d at 960 (determining that ALJ's consideration of claimant's demeanor at hearing where "she seemed to engage in considerable histrionic exaggeration" was clear and convincing reason to reject claimant's testimony); *Morgan*, 169 F.3d at 600 ("The inclusion of the ALJ's personal observations does not render the decision improper."). The ALJ also cogently found that Plaintiff's testimony regarding his full compliance with his treatment was inconsistent with the medical evidence. *See Verduzco*, 188 F.3d at 1090.

Third, it was appropriate for the ALJ to consider Plaintiff's activities of daily living in determining that he was not entirely credible. The mere fact of a claimant's carrying on certain daily activities does not necessarily detract from credibility as to overall disability. However, a negative inference is permissible where the activities contradict the other testimony of the claimant, or where the activities are of a nature and extent to reflect transferable work skills. Daily activities support an adverse credibility finding if a claimant is able to spend a substantial part of her day engaged in pursuits involving the performance of physical functions or skills that are transferable to a work setting. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007); *Morgan*, 169 F.3d at 600; *see also Thomas*, 278 F.3d at 959. A claimant's performance of chores such as preparing meals, cleaning house, doing laundry, shopping, occasional childcare, and interacting with others has been considered sufficient to support an adverse credibility finding when performed for a substantial portion of the day. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175 (9th Cir. 2008); *Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005); *Thomas*, 278 F.3d at 959; *Morgan*, 169 F.3d at 600; *Curry v. Sullivan*, 925 F.2d 1127, 1130 (9th Cir. 1990).

In *Stubbs-Danielson*, for example, the court found that the ALJ sufficiently explained his reasons for discrediting the claimant's testimony because the record reflected that the claimant performed normal activities of daily living, including cooking, housecleaning, doing laundry, and helping her husband in managing finances. 539 F.3d at 1175. These activities tended to suggest that

the claimant may have still been capable of performing the basic demands of unskilled work on a sustained basis. *Id.*

Here, the ALJ appropriately considered Plaintiff's admitted activities of daily living, which included housekeeping, self-care, shopping, cooking, and washing laundry comparable to the activities in the cases cited above. The ALJ found that Plaintiff's statements were inconsistent with his claimed inability to work. Plaintiff's activities of daily living were, therefore, clear and convincing evidence to discount his credibility.

In sum, the ALJ cited clear and convincing reasons for rejecting Plaintiff's subjective complaints regarding the intensity, duration, and limiting effects of his symptoms. *Cf. Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004). Moreover, the ALJ's reasons were properly supported by the record and sufficiently specific to allow this Court to conclude that the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit Plaintiff's testimony.

**B.     Reliance on Vocational Testimony**

Plaintiff next contends that the ALJ erred in determining that he has the RFC to perform his past work as a packing supervisor because he only has an eighth-grade education and, therefore, does not have the requisite language skills to perform the job as it is actually or generally performed.

**1.     Legal Standard**

To be capable of performing his past relevant work, the claimant must be able to perform: (1) the actual functional demands and job duties of a particular past relevant job; *or* (2) the functional demands and job duties of the occupation as generally required by employers throughout the national economy. Social Security Ruling 82-61.

**2.     Analysis**

Plaintiff's argument is unavailing. First, the ALJ was not required to discuss Plaintiff's ability to read and write in assessing his RFC because these skills pertain to Plaintiff's educational level, not to his ability to perform his past relevant work. *See* 20 C.F.R. § 404.1564 (defining educational

skills, including literacy level, as a vocational factor). An RFC determination is necessary to assess a plaintiff's ability to perform past relevant work, which is to be considered by the ALJ at step four of the sequential evaluation. *See id.* § 404.1520(a)(4). An ALJ's consideration of a claimant's educational level, which is to be performed at step five of the sequential evaluation, is arguably a separate consideration from the RFC determination. *See id.*; 20 C.F.R. § 404.1560(b)-(c) ("vocational factors of age, education, and work experience" are not considered at step four, but these factors are considered at step five–in addition to the RFC determination used at step four–to determine if a claimant can adjust to other work). *But see Pinto v. Massanari*, 249 F.3d 840, 846 n.5 (9th Cir. 2001) (declining to decide whether the ALJ was required to consider a claimant's language skills, including literacy, at step four of the sequential evaluation, stating that "[t]he regulations point in contradictory directions on this question"). Therefore, the ALJ was not required to include an assessment of Plaintiff's ability to read and write in determining Plaintiff's RFC. Any omission with regard to this aspect of the RFC was thus harmless. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) ("errors that occurred during a procedure or step the ALJ was not required to perform" are harmless). Accordingly, Plaintiff's contention in this regard is without merit.[4]

---

[4] Plaintiff contends that he does not have the RFC to perform his past work as a packing supervisor as actually performed because the ALJ found that Plaintiff has the capacity to only stand and walk for six hours out of an eight-hour day. According to Plaintiff, his job as a packing supervisor required him to stand and walk for at least eight hours. (AR 122, 133.) However, the standard for determining whether a claimant can perform his past relevant work is in the disjunctive. *See, e.g.*, *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002) ("A claimant must be able to perform her past relevant work either as actually performed *or* as generally performed in the national economy.") (emphasis added). Regardless of whether Plaintiff retains the ability to perform his previous job as actually performed, substantial evidence supports the finding that Plaintiff has the RFC to perform his past work as a packing supervisor as that job is generally performed.

**CONCLUSION**

After consideration of the Plaintiff's and Defendant's briefs and a thorough review of the record, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards.  Accordingly, the Court DENIES Plaintiff's appeal from the administrative decision of the Commissioner of Social Security.  The Clerk of this Court is DIRECTED to enter judgment in favor of Defendant Michael J. Astrue, Commissioner of Social Security, and against Plaintiff Benjamin Elizondo.

IT IS SO ORDERED.

**Dated:   August 30, 2010**                         /s/ Sheila K. Oberto
                                                              UNITED STATES MAGISTRATE JUDGE